# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OHIO
# WESTERN DIVISION

| | |
|---|---|
| RICK SAVIANO <br> 3609 Mullen Court <br> Kettering, Ohio 45420 <br><br> v. <br><br> CVS PHARMACY, Inc. <br> (Previously known as CVS Inc. <br> C/O CT Corporation System <br> Statutory Agent <br> 1300 East Ninth Street <br> Cleveland, Ohio 44114 <br><br> And, <br><br> OHIO CVS PHARMACY LLC <br> C/O CT Corporation System <br> Statutory Agent <br> 1300 East Ninth Street <br> Cleveland, Ohio 44114 <br><br> And, <br><br> Mr. TIM MOSER <br> C/O CT Corporation System <br> Statutory Agent for Employer <br> 1300 East Ninth Street <br> Cleveland, Ohio 44114 <br><br> And, <br><br> Mr. ANTIONE ISAAC <br> C/O CT Corporation System <br> Statutory Agent for Employer <br> 1300 East Ninth Street <br> Cleveland, Ohio 44114 <br><br> And, | CASE NO. 3:09 CV 027 <br><br> JUDGE: RICE <br><br> MAGISTRATE JUDGE OVINGTON <br><br><br> **FIRST AMENDED COMPLAINT** <br> **WITH JURY DEMAND** <br> **ATTACHED HERETO** |

1

| | |
|---|---|
| *CVS RX Services Inc.* | * |
| *C/O CT Corporation System* | * |
| *1300 East Ninth Street* | * |
| *Cleveland, Ohio 44114-0006* | * |
| | * |
| And, | * |
| | * |
| ALL OTHER JANE OR JOHN DOES | * |
| Who either as corporation, business | * |
| associations, agents or employees | * |
| individuals, agents or employees | * |
| thereof whose names and addresses are | * |
| unknown but shall be ascertained through | * |
| discovery, are necessary and proper | * |
| parties to this action | * |
| | * |
| Defendant. | * |
| | * |

## INTRODUCTION

1. This civil lawsuit arises out of the retaliation, discrimination and eventual discharge of the Plaintiff, Rick Saviano,

2. This court has jurisdiction over the subject matter pursuant to R.C. Chapters 2305, 2307, 2739, 4112.

3. Venue is proper pursuant to Civ. R. 3

## PARTIES

4. Plaintiff Rick Saviano was and is a resident of Montgomery County, Ohio throughout the events at issue in this lawsuit. Further, his place of employment or home store was in Montgomery County, Ohio. He is a male who last name and ancestry is of Itanian origin and whose date of birth is September 22, 1954 at all times relevant to this case Mr. Saviano was over forty (40) years of age.

5. The defendants in this section are being sued jointly and severally.

6. Individual defendants are being sued both in their individual capacities and in their official capacities.

7. Defendant CVS PHARMACY Inc. was until 2007 previously known as CVS Inc. (hereafter also referred to as "CVS") is a foreign corporation incorporated in or

2

has its principle place of business in Rhode Island but which does or has done business in the State of Ohio, and its business includes, but is not limited to, selling goods and pharmaceuticals to residents of the State of Ohio. CVS maintains stores in the State of Ohio including, but not limited to, 5981 Far Hills Avenue, Kettering Ohio, 45429, Kettering, Montgomery County, Ohio, and is *amenable* to this lawsuit pursuant to Ohio's long arm statute O.R.C. §2307. 382.

8. Defendant Ohio CVS PHARMACY LLC *(hereinafter referred as CVS LLC)* is an Ohio limited liability corporation incorporated in the State of Ohio in 2005 and does, and has done. Business in the State of Ohio, including, but is not limited to, selling goods and pharmaceuticals to residents of the Smtate of Ohio.

9. Defendant Tim Moser and Antione Isaac at all times relevant hereto, were *employees* of CVS and'/or CVS LLC, and *a* supervisor(s) of Plaintiff. Both are being sued in, their official and individual capacity.

10. *CVS Rx Services Inc. (hereinafter CVS-RX) is a foreign for profit corporation who has filed with the secretary of the State of Ohio since 1999 and does and has done business in the State of Ohio and is amenable to this lawsuit pursuant to Ohio's long arm Statute O.R.C. § 2307. 382. CVS-RX was an employer of Plaintiff however CVS and/or CVS LLC status as an employer was either shared, delegated, contracted, usurped and/or otherwise held itself (themselves) out as an employer of Plaintiff. The exact relationship between CVS, CVSLLC and CVS-Rx between each other and Plaintiff will be ascertained in the course of discovery.*

11. *CVS, CVSLLC, CVS-Rx, Tim Moser and Antione Isaac were all employers for purpose of claims arising from Ohio Revised Code Chapter 4112*

12. Defendant John and/or Jane (s) Doe (s) who either as corporation, business associations, sole proprietorships, agents or employees thereof or individuals, whose names and addresses are unknown but shall be ascertained through discovery, are necessary and proper and who participate, assisted aided or abetted or otherwise was a proximate cause of the damage and acts alleged herein during the incident and/or subject matter of this complaint set forth hereinafter. Should it be required, Plaintiffs will conduct discovery pursuant to the Ohio Rules of Civil Procedure and R.C. 2317. 48 in order to ascertain the identify of such potentially adverse parties and to ascertain any other causes of action to which they may be entitled against the named Defendants. These Defendants are being sued individually and in their official capacities.

13. All parties joined herein are necessary parties needed for a just adjudication of the matters raised in this Complaint, pursuant to Civ. R. 19 and 19.1 Pursuant to Civ. R. 19 and Civ. R. 19.1, Plaintiffs is unaware of the names of any other necessary

3

party to this action and, therefore, is unable to join any such parties. Should it be required, Plaintiffs will conduct discovery pursuant to Civ. R. 37 (D) in order to ascertain the identify of any such potentially adverse parties and to ascertain any other causes of action to which they may be entitled against the named Defendants.

## PRELIMINARY OF THE FACTS

14. Plaintiff restates by reference all facts previously stated as if fully rewritten herein

15. Plaintiff is a licensed Pharmacist by the State of Ohio and has been so licensed since on or about August 17, 1977.

16. On or about September, 1989 Plaintiff was hired as a pharmacist by Renco D.S. which was eventually taken over or bought out by CVS and/or CVS LLC ***and/or CVS-RX***, during this employment Mr. Saviano was regularly given good evaluations and periodic raises. By the time of this termination Mr. Saviano was receiving a base salary of $130,000.00 plus bonus and benefits. His total compensation package had a value of approximately in excess of $165,000.00

17. Mr. Saviano was a hard working employee.

18. However, Mr. Saviano insisted that his employer follow the law and honor his rights. For example, he was ***a known*** individual who asserted rights under the Fair Labor Standards Act (FLSA), which was resolved in his favor in approximately ***2002.***

19. Shortly after the successful resolution of the FLSA matter, Mr. Saviano began to receive adverse treatment by his supervisors which escalated despite Mr. Saviano's protest of this treatment to his employer.

20. This adverse employment action included but is not limited to disparate, abrupt and hostile treatment by local management which escalated into derogatory talk about Mr. Saviano's age and ancestry which he hoped and expected to settle down and pass. However, the passage of time did not help. The treatment escalated, in both frequency and intensity.

21. Throughout 2006, Mr. Saviano was singled out for adverse treatment and reprimanded for use of his professional judgment and discretion as a licensed pharmacist by Mr. Isaac and Mr. Moser. They even reprimanded him and berated him when customers complained about early refills of narcotic drugs. Mr. Saviano was publically reprimanded and berated because of his dress and accent. He was portrayed to co-workers as dishonest and untruthful and when he responded to a

question or made an assertion he was regularly and often publically accused of dishonestly. His version of events would not be accepted.

22. Mr. Isaac and Mr. Moser and others told new employees Mr. Saviano was very difficult to work with, dishonest and left to believe Mr. Saviano would get them in trouble or create a difficult work environment for them if they worked with him. Falsehoods were told about Mr. Saviano. The new employee was then given the option of working or not working with Mr. Saviano. Typically the new employee would choose not to work with Mr. Saviano before they met him. Mr. Saviano would then be berated claiming no one wanted to work with him. This also fostered the false spreading of rumors and ill treatment by co-works even non-professionals and alienation of them towards Mr. Saviano.

23. Mr. Moser *and* Mr. Isaac would also hold customer complaints for long periods without telling Mr. Saviano about an issue. Mr. Saviano would then be faced with the issue and expected to provide details of obscure events on specific dates and times long after the facts occurred.

24. Other adverse action was also taken against Mr. Saviano.

25. On December 7, 2006 shortly after starting his shift Mr. Saviano was confronted by a customer who was overcharged during the previous shift and was waiting for a period of time to have his complaints addressed. Mr. Saviano had not been alerted about the irate customer by his supervisor, CVS management and/or employees who created the problem or who had responsibility for addressing or resolving the matter.

26. Mr. Saviano identified the source of the problem and verified the customer had good reason to be angry. However, he could not quickly resolve the problem because of the computer and other issues created by CVS and/or CVS LLC *and/or CVS-Rx.*

27. Mr. Saviano was determined and strived to resolve the problem, consistent with his employer's stated mission of being "the easiest pharmacy retailer for customers to use". Mr. Saviano was concerned that the handling of the situation prior to his shift had not only violated that mission but in doing so, had disrespected the customer by not providing the level of service stressed in company policy.

28. While Mr. Saviano was striving to fix the problem for the customer, two young white female employees began to "talk trash" about personal matters. At first Mr. Saviano attention was focused on the customer and he did not notice what was being said by the young woman. However, his attention was diverted when one of

5

       the woman began discussing, within earshot, of her plans to get pregnant by a man of another race, so that her husband would give her a divorce.

29. With no training from CVS on how to resolve this sort of problem with other employees, he continued to do his job and hoped the possibly offensive discussion would soon end.

30. Meanwhile, the irate customer's concern seemed to be solely fixing the prescription problem immediately, and he was angry because it was not resolved earlier. It was apparent to Mr. Saviano that the customer would not tolerate anything other than complete attention to resolving his problem.

31. Mr. Saviano apologized, to the customer and to continued working on fixing the customer's problem as that was the customer's main concern. The problem was also eventually accomplished. Mr. Saviano also spoke with the woman about the impropriety of their personal discussion in a business setting.

32. The customer, however, was still angry about all the matters relating to his prescription and what occurred on the previous shift. The customer wrote to the store about this matter.

33. Though the letter dealt primarily with the customer's overriding complaint about the problem created by the previous shift, the customer did mention the young woman's conversation. There were no *truthful* complaints about Mr. Saviano.

34. Mr. Saviano did not know of the letter until December 26, 2006, when Tim Moser aggressively, and in demeaning manner, and in earshot of other employees and customers called Mr. Saviano into a conference.

35. Mr. Saviano was not allowed to read the letter, Tim Moser read to him what purported to be the letter, in a loud and aggressive manner.

36. Such behavior towards Mr. Saviano had become increasingly routine since the settling of the aforementioned lawsuit. Mr. Saviano initially thought the matter was an investigation into the underlying issues. However, he soon realized that CVS, *CVS LLC, CVS-RX and/or* Mr. Moser *were* focused on attributing the mistake by the previous shift and/or *attributing* the conduct by the young female employees to Mr. Saviano. When Mr. Saviano asked for an investigation he was told that an investigation was not needed because "this has Saviano's name written all over it." Mr. Saviano was summarily discharged.

37. The discharge occurred within earshot of other workers

38. Mr. Saviano was escorted out of building in a manner to suggest dishonest or malpractice and to let other employees know that any friendly contact with Mr. Saviano would be subject to reprisal.

39. No discipline whatsoever was even initiated against any other employee.

40. With Mr. Saviano's departure, none of the Plaintiffs, named in FLSA action were employed with CVS anymore.

41. The discharge and the manner it was conducted was approved by Mr. Isaac and CVS.

42. The young females whose conversation was referred to in the letter by the irate customer were never disciplined.

43. The persons from the previous shift who were responsible for the problem referred to in the irate customer's letter were never disciplined.

44. Within a matter of weeks Mr. Saviano was officially replaced by a young, female pharmacist who was under 40 year of age.

45. Mr. Saviano's treatment and discharge was retaliatory for his filing a FLSA claim.

46. Mr. Saviano's treatment and discharge was motivated by age or ethnic background and/or sex.

## FIRST CAUSE OF ACTION
## AGE DISCRIMINATION IN VIOLATION OF O.R.C. 4112.14

1. Plaintiff re-alleges and incorporate all previous allegations previously set forth as if fully rewritten herein.

2. Plaintiff's age was a motivating factor for Defendants' unlawful, wrongful, and/or improper employment decisions.

3. Defendants discriminated against Plaintiff with respect to hire, termination, pay, tenure, terms, conditions, and/or privileges of employment and to other matters directly or indirectly related to employment because of age in violation of Ohio Revised Code Section 4112.14.

## SECOND CAUSE OF ACTION
## RETALIATION IN VIOLATION OF FAIR LABOR STANDARDS ACT (FLSA)

7

4. Plaintiff re-alleges and incorporates all previous allegations previously set forth as if fully rewritten herein.

5. Plaintiff has or had or was perceived as having engaged in a protected activity under the FLSA.

6. Defendants knew, should have known or believed Plaintiff exercised rights under the FLSA.

7. Defendants thereafter discriminated, took actions in Plaintiff's employment that was adverse and/or which a reasonable employee would have found were adverse or materially adverse.

8. Defendant (s) were motivated by a retaliatory **animus** by Plaintiff's

9. There was a causal connection between the adverse employment action(s) and Plaintiff engaging in protected FLSA activity.

## THIRD CAUSE OF ACTION
## SEX DISCRIMINATION IN VIOLATION OF O.R.C CHAPTER 4112

10. Plaintiff re-alleges and incorporate all previous allegations previously set forth as if fully rewritten herein.

11. Plaintiff's age was a motivating factor for Defendants' unlawful, wrongful, and/or improper employment decisions.

12. Defendants discriminated against Plaintiff with respect to hire, pay, tenure, terms, conditions, and/or privileges of employment and to other matters directly or indirectly related to employment because of age in violation of Ohio Revised Code **Chapter 4112.**

## FOURTH CAUSE OF ACTION
## NEGLIGENT SUPERVISION/RETENTION

13. Plaintiff re-alleges and incorporate by reference all previous paragraphs as if fully rewritten herein.

14. At all times relevant to the matters pled herein *CVS, CVS LLC and/or CVS-Rx* maintained, an employment relationship with Defendants Moser and/or Isaac.

15. Defendants *CVS, CVS LLC and/or CVS-Rx* owed a duty to Plaintiff to train, and to supervise Defendants Moser and Isaac.

8

16. Defendants ***CVS, CVS LLC and/or CVS-RX*** owed a duty to Plaintiff to perpertly train and to supervise Defendants Moser and/or Isaac.

17. Defendants ***CVS, CVS LLC and/or CVS-RX*** breached its duty to Plaintiff when it failed to so train and/or supervise Defendants Moser and/or Isaac, generally and/or with regard to their treatment of Plaintiff as alleged herein.

18. Defendant ***CVS, CVS LLC and/or CVS-RX*** knew or should have known of the incompetence and/or wrongdoing of Defendants Moser and/or Isaac.

19. Defendants ***CVS, CVS LLC and/or CVS-RX*** were negligent.

20. As a direct and proximately cause of Defendant ***CVS, CVS LLC and/or CVS-Rx*** negligence in the Plaintiff suffered injury.

## FIFTH CAUSE OF ACTION
## ESTOPPEL AND/OR QUASI-CONTRACT AND/OR CONTRACT

21. Plaintiff does hereby incorporates all previous allegations as if fully rewritten herein.

22. Plaintiff's employer(s), supervisor(s) and/or agents thereof made promise(s) and/or representations to Plaintiff's that he would have continued employment unless there was just cause for his dismissal or business necessity.

23. Plaintiff justifiably relied on these promises and/or representations.

24. Plaintiff's reliance was reasonable and foreseeable.

25. As a direct and/or proximate result, Plaintiff was injured.

## SPECIAL DAMAGES

26. As a result of the foregoing Plaintiff has lost wages and/or benefits in excess of one hundred thousand dollars ($100,000.00) the exact amount of which will be determined through discovery and at trial.

**WHEREFORE,** the Plaintiffs demands the following:

a. Compensatory damages in excess of twenty five thousand dollars ($25,000.00);
b. Punitive damages in excess of twenty five thousand dollars ($25,000.00);
c. Reinstatement.
d. Reasonable Attorney fees and costs be awarded; an
e. Any such other and further relief to which Plaintiff may be deemed entitled at law and/or equity.

Respectfully Submitted,

/s/John J. Scaccia
**John J. Scaccia**, O.S.C. #0022217
SCACCIA & ASSOCIATES, LLC
*Attorneys for Plaintiff*
536 West Central Ave., Second Floor
Springboro, Ohio 45066
(937) 223-7848
(937) 550-2311 *Fax*

## JURY DEMAND

Now comes Plaintiff, by and through Counsel and hereby demands a trial by jury.

/s/John J. Scaccia
John J. Scaccia

## CERTIFICATE OF SERVICE

I hereby certify that, on the date of filing, I electronically filed the foregoing with the Clerk of Court using the CMF/ECF system, which will send notification of such filing to all the parties currently before the Court.

                                                      /s/ John J. Scaccia
                                           John J. Scaccia, Esq. (#0022217)