**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| RICK SAVIANO, | : | CASE NO. 3:09-CV-027 WHR |
| Plaintiff, | : | JUDGE WALTER H. RICE<br>MAGISTRATE JUDGE SHARON OVINGTON |
| -v- | : | |
| CVS PHARMACY, INC., OHIO CVS PHARMACY, LLC, MR. TIM MOSER, MR. ANTOINE ISAAC, CVS RX SERVICES, INC., and ALL OTHER JANE OR JOHN DOES, | :<br><br>: | |
| Defendants. | : | |

**COUNSEL'S REPLY TO PLAINTIFF'S RESPONSE TO**
**HIS ATTORNEY'S MOTION TO WITHDRAW**

Now comes John J. Scaccia, Counsel for Plaintiff Rick Saviano, and does hereby renew his Motion to Withdraw and urges this Court to deny Plaintiff's Response to His Attorney's Motion to Withdraw. The reasons for this Motion are more fully articulated in the attached memorandum.

Respectfully submitted,

/s/John J. Scaccia
John J. Scaccia (#0022217)
Scaccia & Associates, LLC
536 West Central Avenue, 2nd Floor
Springboro, Ohio 45066
Tele: (937)223-7848
Fax: (937)550-2311
*Attorney for Plaintiff*

**MEMORANDUM**

Counsel respectfully asks this Court to grant his Motion to Withdraw and deny Plaintiff's Response to His Attorney's Motion to Withdraw. In reviewing a Motion to Withdraw, the Sixth Circuit has articulated four factors to consider. *United States v. Mack,* 258 F.3d 548 (6th Cir. 2001). The four factors are:

> (1) The timeliness of the motion, (2) the adequacy of the court's inquiry into the matter, (3) the extent of the conflict between the attorney and client and whether it was so great that it resulted in a total lack of communication preventing an adequate defense, and (4) the balancing of these factors with the public's interest in the prompt and efficient administration of justice.

*Id.* at 556. Applying the four factors to the present case, this Court should conclude that it should grant Counsel's Motion to Withdraw.

With respect to the first factor, Counsel filed this Motion after numerous attempts to contact and secure Plaintiff's cooperation. The Motion was filed after Plaintiff's failure to communicate resulted in the failure to timely respond to this Court's Order. As such, this factor should weigh in favor of granting the Motion. With respect to the second factor, the amount of information supplied to this Court by Plaintiff and Counsel should provide an adequate basis for the Court to conduct its inquiry. With respect to the third factor, the conflict has resulted in a total lack of communication between Plaintiff and Counsel. Counsel is unable to advance this case without Plaintiff's cooperation, and thus far, Plaintiff has shown no inclination to cooperate. Indeed, the differences in the filings by Counsel and Plaintiff disclose a great gulf between the two parties. As such, this factor should weigh in favor of granting the Motion. With respect to the fourth and final factor, the trial in this case is not scheduled until July 12, 2010 and discovery does not cut-off until February 10, 2010. Therefore, at this point, granting Counsel's Motion to

Withdraw and allowing Plaintiff time to find substitute counsel would not delay trial and does not hamper the goal of prompt and efficient administration of justice. As such, this factor also favors granting Counsel's Motion.

Furthermore, A complete breakdown in communications is good cause for withdrawal. *Wilson v. Mintzes,* 761 F.2d 275, 280 (6th Cir. 1985). In the present case, Plaintiff and Counsel have both alleged a complete breakdown in communication. For the above reasons, Counsel urges this Court to grant Counsel's Motion to Withdraw.

As Counsel previously stated, Counsel is making this Motion on the basis of a complete breakdown in communications between Counsel and Plaintiff. Plaintiff confirms this complete breakdown in his Response. However, contrary to Plaintiff's assertions in his Response to His Attorney's Motion to Withdraw, Counsel made numerous attempts to contact Plaintiff and properly advance this case. Should the Court wish for a more detailed accounting of Counsel's efforts to obtain Plaintiff's cooperation, Counsel will provide such information. In light of the communication breakdown between Counsel and Plaintiff, Counsel requests this Court grant Counsel's Motion to Withdraw. Furthermore, in order to prevent Plaintiff from being prejudiced by this withdrawal, Counsel also urges this Court to grant a brief stay in order to allow Plaintiff to find substitute counsel and grant Plaintiff time to respond to this Court's Order, should Plaintiff choose to do so.

For the foregoing reasons, Counsel respectfully asks this Court to grant his Motion to Withdraw, deny Plaintiff's Response to His Attorney's Motion to Withdraw, and grant Plaintiff time to resolve the present difficulties.

>Respectfully submitted,
>
>/s/John J. Scaccia_____
>John J. Scaccia (#0022217)
>Scaccia & Associates, LLC
>536 West Central Avenue, 2nd Floor
>Springboro, Ohio 45066
>Tele: (937)223-7848
>Fax: (937)550-2311
>*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on September 28, 2009, a copy of the foregoing was electronically submitted through the ECF System to the following:

Robert F. Seidler
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
111 Monument Circle, Suite 4600
Indianapolis, IN 46204
Robert.seidler@ogletreedeakins.com
*Attorney for Defendants*

I certify that on September 28, 2009, a copy of the foregoing has been sent via regular U.S. Mail and facsimile to:

Rick Saviano
3609 Mullen Court
Kettering, Ohio 45420
Fax: (937)293-0994
*Plaintiff*

>/s/ John J. Scaccia_____
>John J. Scaccia
>*Attorney for Plaintiff*